**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Respondent, | ) | |
| | ) | |
| vs. | ) | Case No. CR-99-216-M |
| | ) | (CIV-03-680-M) |
| DARRELL W. COLLINS, | ) | |
| | ) | |
| Defendant-Movant. | ) | |

**ORDER**

Defendant-Movant Darrell W. Collins ("Collins"), a federal prisoner, filed a Motion to Vacate, Set Aside or Correct Sentence Pursuant to 28 U.S.C. § 2255 on May 19, 2003. On January 5, 2004, plaintiff-respondent United States of America filed its response, and on February 26, 2004, Collins filed his reply to the government's response. On May 24, 2004, the Court appointed counsel to represent Collins in this matter. On November 30, 2004, an evidentiary hearing was held to address grounds four and nine of Collins' Section 2255 motion. On March 16, 2005, Collins filed his Supplemental Authority, and on April 8, 2005, the government filed its supplemental response.

I.  Background

On December 15, 1999, a grand jury returned an indictment charging Collins and other individuals with various drug offenses. Specifically, Count 1 charged Collins with conspiracy to possess with intent to distribute and to distribute cocaine base (crack), in violation of 21 U.S.C. § 846; Counts 27, 29, 31, and 35 charged Collins with specific occasions of possession with intent to distribute cocaine powder or crack cocaine, in violation of 21 U.S.C. § 841(a)(1), and Counts 26, 28, 30, and 34 charged Collins with using a telephone to facilitate the distribution of cocaine powder or crack cocaine, in violation of 21 U.S.C. § 843(b). Additionally, forfeiture allegations were set forth in the Indictment.

A jury trial began on March 6, 2000 and continued April 20 - 28, 2000. On April 28, 2000, the jury found Collins guilty on all counts. On October 4, 2000, a sentencing hearing was conducted. After hearing evidence and ruling upon Collins' objections to his Presentence Report ("PSR"), the Court sentenced Collins to 240 months' imprisonment as to Count 1; 48 months' imprisonment as to Counts 26, 28, 30, and 34; and 360 months' imprisonment as to Counts 27, 29, 31, and 35, all to run concurrently; levied a $900.00 special assessment; ordered that Collins forfeit $115,200.00 and his interest in a 1993 GMC pickup; and imposed a three-year term of supervised release as to Count 1; a one-year term of supervised release as to Counts 26, 28, 30, and 34; a ten-year term of supervised release as to Count 27; a six-year term of supervised release as to Count 29; and an eight-year term of supervised release as to Counts 31 and 35, all to run concurrently.

Collins appealed his conviction and sentence to the Tenth Circuit Court of Appeals. On appeal, Collins raised the following issues: (1) whether the trial court erred in admitting the Title III evidence; (2) whether the trial court erred in admitting the testimony of Herman Owens; and (3) whether the trial court erred in finding that Collins was a career offender for purposes of sentencing. In an unpublished opinion issued June 21, 2002, the Tenth Circuit affirmed Collins' conviction but vacated Collins' sentence, finding that the government had not carried its burden of proving that Collins qualified as a career offender. *United States v. Tyler*, 42 Fed. Appx. 186 (10th Cir. June 21, 2002).

On September 6, 2002, in accordance with the Tenth Circuit's opinion, the Court re-sentenced Collins. At the re-sentencing, the Court found that Collins was a career offender for purposes of sentencing and re-sentenced him to the same sentence originally imposed. Collins did not appeal this sentence to the Tenth Circuit.

II.     Discussion

Collins asserts nine grounds in support of his Section 2255 motion: (1) ineffective assistance of counsel based upon counsel's failure to invoke Federal Rule of Evidence 404(b) or otherwise refer to its substance when he objected at trial and for failing to request a limiting instruction; (2) ineffective assistance of counsel based upon counsel's failure to object to the controlled substance jury instruction; (3) ineffective assistance of counsel based upon counsel's failure to object to the trial court's failure to make individualized findings of the drug amount attributable to Collins' participation in the conspiracy and to the trial court's attributing to Collins the entire drug amount attributable to the conspiracy as a whole; (4) ineffective assistance of counsel based upon counsel's failure to appeal Collins' re-sentencing when requested; (5) ineffective assistance of counsel based upon counsel's failure to object to the trial court's use of the amount of cocaine base attributed to Collins as relevant conduct when it determined the statutory mandatory minimum sentences; (6) ineffective assistance of counsel based upon counsel's failure to raise on appeal the propriety of the two-point enhancement in his criminal history for committing the instant offense less than two years following his release from confinement on another offense; (7) ineffective assistance of counsel based upon counsel's failure to argue during re-sentencing that the burglary offense that was used as a predicate offense to support a career offender enhancement under the United States Sentencing Guidelines violated the Constitution's Ex Post Facto Clause; (8) ineffective assistance of counsel based upon counsel's failure to advise the trial court regarding the government's failure to recommend a sentence reduction as promised; and (9) ineffective assistance of counsel based upon

counsel's advice to reject the government's plea offer.[1]

To prevail on a claim of ineffective assistance of counsel, Collins must first show:

> his counsel's performance was constitutionally deficient, i.e., it fell below an objective standard of reasonableness. To make this showing, [movant] must overcome a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance that might be considered sound trial strategy. Second, he must demonstrate there is a reasonable probability that, but for counsel's errors, the outcome of the proceedings would have been different.

*Moore v. Reynolds*, 153 F.3d 1086, 1096 (10th Cir. 1998); *see also Strickland v. Washington*, 466 U.S. 668 (1984). A court is not required to address both components of the test if the movant makes an insufficient showing on one, and, thus, "a court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies." *Strickland*, 466 U.S. at 697.

Collins bears the burden of identifying specific acts or omissions of counsel which were not "the result of reasonable professional judgment." *Strickland*, 466 U.S. at 690. Conclusory allegations of ineffective representation are insufficient. *United States v. Fisher*, 38 F.3d 1144, 1147 (10th Cir. 1994).

A. <u>Failure to invoke Rule 404(b)/Failure to request limiting instruction</u>

Collins asserts that his counsel was ineffective for failing to invoke Rule 404(b) or otherwise refer to its substance when he objected at trial and for failing to request a limiting instruction. The issue of whether the evidence of Collins' previous drug activities was properly admitted under Rule 404(b) was addressed by the Tenth Circuit in Collins' direct appeal. The Tenth Circuit held that

---

[1] Collins does not specifically list the ninth ground as an issue for review; however, the Court finds that Collins has sufficiently raised this issue for the Court's review.

"whether the district court's ruling is reviewed for abuse of discretion or plain error, Collins' argument fails." *United States v. Tyler*, 42 Fed. Appx. 186, 197 (10th Cir. 2002). After stating the four factors[2] governing the admissibility of evidence under Rule 404, the Tenth Circuit found that Rule 404 was satisfied. *Id.*

Accordingly, in light of the Tenth Circuit's finding, the Court finds that Collins has failed to demonstrate that there is a reasonable probability that, but for counsel's errors – failure to invoke Rule 404(b) and failure to request a limiting instruction – the outcome of the trial would have been different. The Court, therefore, finds that Collins' counsel was not ineffective for failing to invoke Rule 404(b) or otherwise refer to its substance when he objected at trial and for failing to request a limiting instruction.

B.   <u>Failure to object to definition of controlled substance jury instruction</u>

Collins asserts that the trial court invaded the jury's province and violated his Sixth Amendment right by instructing the jury that "[f]or purposes of all my instructions in this case, when I refer to 'controlled substance,' that term means cocaine base (crack)." Jury Instruction No. 42 [docket no. 336]. Specifically, Collins asserts that by this instruction, the trial court relieved the government of its burden of proving that the substance involved was cocaine base and directed a verdict on this issue. Collins further asserts that his counsel was ineffective for failing to object to this jury instruction.

Jury Instruction No. 42, the instruction at issue, provides, in full:

With respect to the counts of the Indictment involving allegations of

---

[2]Those four factors are (1) whether the evidence is offered for a proper purpose; (2) whether the evidence is relevant; (3) whether the probative value is substantially outweighed by the potential for unfair prejudice; and (4) whether the district court offered a limiting instruction. *Id.*

> the possession with intent to distribute cocaine base (crack), you may convict only if you are satisfied beyond a reasonable doubt, from all the evidence, both direct and circumstantial, that the particular substance in question was cocaine base (crack).
>
> For purposes of all my instructions in this case, when I refer to "controlled substance," that term means cocaine base (crack).
>
> Cocaine base (crack) is a Schedule II controlled substance as defined by statute.

Jury Instruction No. 42 [docket no. 336].

Having carefully reviewed Jury Instruction No. 42, the Court finds that it was appropriate for the trial court to give said instruction. The Court further finds that the trial court did not invade the jury's province and did not violate Collins' Sixth Amendment right. The Court, accordingly, finds that Collins' counsel was not ineffective for failing to object to this jury instruction.

### C. Failure to object to the trial court's failure to make individualized findings regarding drug quantities

Collins asserts that his counsel was ineffective for failing to object to the trial court's failure to make individualized findings of the drug amount attributable to Collins' participation in the conspiracy and to the trial court's attributing the entire drug amount attributable to the conspiracy as a whole to Collins. Upon review of the record in this case, the Court finds Collins has failed to demonstrate that there is a reasonable probability that, but for counsel's errors – failure to object to the trial court's failure to make individualized findings regarding drug quantities – Collins' sentence would have been different. The drug quantity for which Collins was found guilty by the jury is 1.5309 kilograms of cocaine base. According to the Drug Quantity Table in the United States Sentencing Guidelines, this quantity results in a base offense level of 38, the highest offense level set forth in the Drug Quantity Table. *See* U.S.S.G. § 2D1.1(c).

Accordingly, the Court finds any additional drug amounts attributed to Collins as relevant conduct based upon drug amounts attributable to the conspiracy as a whole have no impact on Collins' offense level calculation. Collins, therefore, suffered no prejudice from any alleged failure on the part of his counsel to object.[3]

### D. Failure to appeal re-sentencing when requested

Collins asserts that his counsel was ineffective for failing to appeal his re-sentencing when requested. The Supreme Court has repeatedly held that "a lawyer who disregards specific instructions to perfect a criminal appeal acts in a manner that is both professionally unreasonable and presumptively prejudicial." *United States v. Snitz*, 342 F.3d 1154, 1155-56 (10th Cir. 2003) (internal citations omitted). Further, the Tenth Circuit has held that "[a] defendant is denied effective assistance of counsel if he asks his lawyer to perfect an appeal and the lawyer fails to do so by failing to file a brief, a statement of appeal, or otherwise." *United States v. Davis*, 929 F.2d 554, 557 (10th Cir. 1991) (internal quotations and citations omitted).

At the evidentiary hearing, Collins testified that he told his counsel several times that he wished to appeal his re-sentencing. *See* Transcript of Evidentiary Hearing at 7-8, 22, 25. Daniel White, Collins' prior counsel, however, testified that he did not remember Collins specifically telling him he wished to appeal and that since no appeal was filed, Collins must not have asked him to appeal. *See* Transcript of Evidentiary Hearing at 34, 53. Having heard the testimony presented, the Court finds that Collins did request Mr. White to appeal his re-sentencing. At the evidentiary hearing, Collins was emphatic that he told Mr. White that he wanted to appeal and specifically

---

[3]The Court would note, however, that at Collins' initial sentencing, his counsel made many, if not all, of the same arguments Collins asserts in this ground for relief and utilized the same exhibit Collins attaches in support of his argument.

7

testified regarding instances when he discussed appealing his re-sentencing with Mr. White. On the other hand, Mr. White's recollection of the events surrounding any appeal of the re-sentencing was less clear, and his testimony that Collins did not ask him to appeal was based primarily on the fact that no appeal was filed and that his standard practice is to file an appeal if requested.

Therefore, because the Court finds that Collins requested his counsel to appeal and his counsel failed to do so, the Court finds that Collins was denied effective assistance of counsel. The Court, accordingly, finds that Collins should be re-sentenced in order to enable him to perfect an appeal. *See Davis*, 929 F.2d at 557 ("The proper remedy is a resentencing to enable defendant to perfect an appeal.").

      E.      <u>Failure to object to quantity attributed as relevant conduct</u>

Collins alleges that his counsel was ineffective for failing to object to the trial court's use of the amount of cocaine base attributed to Collins as relevant conduct when it determined the statutory mandatory minimum sentences. Mandatory minimum sentences are determined "solely by the drug quantities involved in the offense of conviction for which sentence is imposed." *United States v. Santos*, 195 F.3d 549, 552-53 (10th Cir. 1999).

As set forth in the PSR, Collins had mandatory minimum sentences in relation to Counts 27, 31, and 35. Having carefully reviewed the record in this case, the Court finds that these mandatory minimum sentences were determined solely based upon the drug quantities involved in the offense of conviction and that the trial court did not rely on any relevant conduct in determining the mandatory minimum sentences.

The Court would initially note that on February 11, 2000, an Information to Establish Prior Convictions was filed, which increased the penalty for Counts 27, 31, and 35. Count 27 charged

Collins with possession with intent to distribute nine ounces (255.15 grams) of cocaine base. Based upon the amount of cocaine base involved in this offense, 21 U.S.C. § 841(b)(1)(A) is the applicable penalty provision. Pursuant to § 841(b)(1)(A), and in light of the increased penalty provision, Collins' mandatory minimum sentence for Count 27 would be twenty (20) years, the same mandatory minimum sentence determined by the trial court to be applicable. Both Counts 31 and 35 charged Collins with possession with intent to distribute 18 ounces (510.3 grams) of cocaine powder. Based upon the amount of cocaine powder involved in these offenses, 21 U.S.C. § 841(b)(1)(B) is the applicable penalty provision. Pursuant to § 841(b)(1)(B), and in light of the increased penalty provision, Collins' mandatory minimum sentence for Counts 31 and 35 would be ten (10) years, the same mandatory minimum sentence determined by the trial court to be applicable.

Accordingly, the Court finds that Collins' assertion that his counsel was ineffective for failing to object to the trial court's use of the amount of cocaine base attributed to Collins as relevant conduct when it determined the statutory mandatory minimum sentences is without merit.

F.  <u>Failure to appeal two-point enhancement for committing offense less than two years following release from confinement</u>

Collins alleges that his counsel was ineffective for failing to raise on appeal the propriety of the two-point enhancement in his criminal history for committing the instant offense less than two years following his release from confinement on another offense. Collins' counsel objected to this issue at both Collins' initial sentencing and his re-sentencing, and the trial court found this objection moot in light of its finding that the career offender enhancement applied. If a defendant is classified as a career offender, his criminal history category shall be a Category VI. U.S.S.G. § 4B1.1(b). Accordingly, the Court finds that Collins suffered no prejudice based upon counsel's failure to appeal the two-point enhancement in his criminal history because regardless of whether Collins

9

received the two-point enhancement or not, based upon his career offender status, he would still be in a criminal history category VI. Accordingly, the Court finds that Collins' counsel was not ineffective for failing to raise this issue on appeal.

### G. Violation of ex post facto law

Collins alleges that his counsel was ineffective for failing to argue during his re-sentencing that the burglary offense that was used as a predicate offense to support a career offender enhancement under the Sentencing Guidelines violated the Ex Post Facto Clause. The Tenth Circuit has held that "with the exception of a collateral attack based on the complete denial of counsel, a district court sentencing a defendant under the career offender provisions of the Guidelines cannot consider a collateral attack on a prior conviction." *United States v. Garcia*, 42 F.3d 573, 581 (10th Cir. 1994). Collins attacks the prior conviction based upon an alleged ex post facto violation, not upon a complete denial of counsel. The Court, accordingly, finds that Collins' counsel was not ineffective for failing to collaterally attack the burglary offense based upon an ex post facto violation.

### H. Failure to advise the trial court regarding the government's failure to recommend sentence reduction

Collins states that following his re-sentencing he met with the government and was debriefed on three to four different occasions regarding information he knew about individuals the government was investigating. Collins states that the prosecutor told him that the government would not promise him anything but would only recommend to the trial court to take into consideration the level of his cooperation for a possible sentence reduction based on his assistance to the government. The government has never moved for a sentence reduction based upon Collins' assistance. Collins asserts his counsel was ineffective for failing to file a Rule 35 motion to bring this issue to the trial

10

court's attention.

A Rule 35 motion can only be filed by the government. Fed. R. Crim. P. 35 ("Upon the <u>government's</u> motion. . . .") (emphasis added). Collins' counsel, therefore, could not file a Rule 35 motion. The Court, accordingly, finds that Collins' counsel was not ineffective for failing to file a Rule 35 motion.

<u>I.     Advice to reject plea offer</u>

Collins asserts that his counsel was ineffective based upon the advice he gave to reject the government's plea offer. Bad advice alone is insufficient to prove the deficient performance required for constitutionally ineffective assistance of counsel. *See Hatch v. Oklahoma*, 58 F.3d 1447, 1459 (10th Cir. 1995) (for counsel's advice to be constitutionally ineffective, it must be completely unreasonable, not merely wrong). Further, to prove prejudice under this ground, Collins must establish a reasonable probability that but for incompetent counsel, he would have accepted the plea offer and pled guilty. *See Hill v. Lockhart*, 474 U.S. 52, 59 (1985).

At the evidentiary hearing, Collins and Mr. White testified regarding the advice Mr. White gave regarding the government's plea offer.[4] Having heard the testimony presented, the Court finds that Collins has failed to prove that his counsel's performance fell below an objective standard of reasonableness or that he would have accepted the plea offer. In fact, Collins never testified that he would have accepted the plea offer, but only that he would have <u>considered</u> the plea offer. Further, the Court finds, based upon the testimony and evidence presented, that Mr. White's advice was not completely unreasonable.

---

[4] In contrast to his testimony regarding Collins' request to appeal, Mr. White gave very specific testimony regarding the advice he gave regarding the government's plea offer.

Accordingly, the Court finds that Collins' counsel was not ineffective based upon the advice he gave regarding the government's plea offer.

III.    Conclusion

For the reasons set forth above, the Court GRANTS IN PART and DENIES IN PART Collins' Motion to Vacate, Set Aside or Correct Sentence Pursuant to 28 U.S.C. § 2255 as follows:

(A)     The Court GRANTS Collins' Section 2255 motion as to ground four and ORDERS that Collins be re-sentenced,[5] and

(B)     The Court DENIES Collins' Section 2255 motion as to grounds one through three and five through nine.

**IT IS SO ORDERED this 28th day of March, 2006.**

VICKI MILES-LaGRANGE
UNITED STATES DISTRICT JUDGE

---

[5] The date for Collins' re-sentencing will be set by the Court in a separate order.